UNITED STATES of America for the Use
and Benefit of BAY STATE YORK
CO., Inc.

v.

SEAWARD CONSTRUCTION COM-
PANY, Inc.

and

United States Fidelity & Guaranty
Company.

Civ. A. No. 2941.

United States District Court
D. New Hampshire.

May 7, 1969.

Charles F. Kazlauskas, Jr., Sullivan, Gregg & Horton, Nashua, N. H., R. Robert Popeo, Boston, Mass., for plaintiff.

Robert A. Shaines, Shaines, Madrigan & McEachern, Portsmouth, N. H., for Seaward Const. Co., Inc.

Matthias J. Reynolds, Devine, Millimet, McDonough, Stahl & Branch, Manchester, N. H., for U. S. Fidelity & Guaranty Co.

ORDER ON MOTION TO DISMISS

BOWNES, District Judge.

This is a "Miller Act" case. This motion to dismiss is brought by the defendant general contractor, Seaward Construction Company, Inc., on the ground that the plaintiff subcontractor, Bay State York Co., Inc., is precluded from proceeding in the District Court because it failed, as required under the contract between the parties, to submit the dispute to arbitration.

Seaward, as general contractor, subcontracted with the "use plaintiff," Bay State, for certain work to be performed at the federal building in Portsmouth, New Hampshire. The arbitration provision of the contract between Seaward and Bay State provides:

The Subcontractor agrees that, regardless of any disputes or controversies whatever, arising out of or in connection with the performance of

this contract, he will not cease work, but continue to prosecute the subcontract job continuously and diligently. *All such disputes and controversies between the Contractor and Subcontractor, in which the owner is not involved, shall be submitted to arbitration * * * at the completion of the subcontract job and acceptance by the owner or the owner's representatives thereof; * * * the parties hereto* agree that any arbitration proceeding held in accordance with this contract shall be held * * *. in New York City, New York, in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects. [Emphasis added.] [Section 19 of Contract.]

During the pendency of the contract period, a dispute did in fact arise as to Bay State's contractual responsibility for certain items of work. The dispute remains unresolved. On November 12, 1968, Bay State York brought this action for the alleged balance due under its contract with the defendant.

On January 6, 1969, this Court granted Seaward's "Motion to Stay Proceedings Pursuant to 9 U.S.C. § 3 (1947)." Section 3 of Title 9 provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The motion to dismiss was heard on Wednesday, April 23, 1969. Up to that date, no arbitration proceedings had been initiated by either party.

It is the position of Seaward that Bay State is foreclosed from further proceedings in this court because it has not complied with the arbitration requirement of the contract.

The primary argument of Bay State York is that the arbitration provision of the contract is available to either party and since Seaward has not initiated arbitration, it has waived this provision and is now estopped from using it as bar to this action.

Bay State also takes the position that the arbitration clause is inoperable and inapplicable because the arbitration provision itself is limited to disputes and controversies "in which the owner is not involved" and Bay State claims the United States is the "owner" and is "involved."

## FINDINGS AND RULINGS

1. A valid contract exists. Although it was brought out at the hearing that Seaward was not the original general contractor for this particular government building, it is undisputed by the parties and found by the Court that the contract between Seaward and Bay State is valid, binding, and regular in all respects.

2. Bay State agreed by the terms of its contract to submit all disputes and controversies to arbitration by the terms of the contract.

█ 3. The United States Government is the "owner" but is *not* involved in this dispute and controversy. Bay State offered no evidence to the contrary at the hearing, but seems to rely on the Miller Act itself for the proposition that the owner is involved and, therefore, that arbitration cannot apply. The procedural fact that the United States is a named plaintiff in this action does not automatically involve it in this dispute where the issues are solely between Seaward and Bay State.

4. Bay State contractually agreed to submit the dispute to arbitration. This has not been done to date.

█ 5. There has been no waiver of the arbitration procedure by Seaward.

Seaward has no reason to initiate arbitration. It is not making any claim against Bay State. It is Bay State that claims a balance due under the contract. And Bay State agreed by the same contract to arbitrate any disputes and controversies. There does not appear any sound reason why reliance upon the arbitration clause should not be available as a bar without the necessity of first initiating action under it. Seaward has taken no action even remotely suggesting waiver. Its Motion to Stay indicated clearly that it relied on the arbitration clause in the contract. Under these facts, Seaward's failure to initiate arbitration cannot be transmuted into waiver and estoppel.

■ 6. Bay State is precluded from proceeding in this court because of its failure to adhere to the arbitration provisions of its contract. To rule otherwise would give Bay State an election as to how and where it wanted its claim adjudicated. Such election was precluded when Bay State entered into the contract with Seaward and agreed to submit all disputes and controversies between itself and the general contractor to arbitration.

Title 9, U.S.C. § 3 is a clear mandate to this Court that arbitration agreements in contracts shall be upheld.

The motion to dismiss is granted. So ordered.